IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNSON,

        Plaintiff,

    v.

PETERS, *et al.*,

        Defendants.

Case No. 2:17-cv-01872-MK
**OPINION & ORDER**

AIKEN, District Judge:

    United States Magistrate Judge Mustafa Kasubhai has issued his Findings and Recommendation ("F&R"), recommending that the Court grant Defendants' summary judgment motion (doc. 68) and dismiss Plaintiff's case. F&R at 7 (doc. 83). Plaintiff timely filed objections (doc. 85) to the F&R, to which Defendants responded (doc. 87). The matter is now before this court. 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72. I have reviewed de novo the portions of the F&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For the following reasons, the Court DOES NOT ADOPT Judge

Kasubhai's F&R. Accordingly, Defendants' motion for summary judgment (doc. 68) is DENIED.

## LEGAL STANDARD

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's F&R to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *Reyna-Tapia,* 328 F.3d at 1121 (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although absent objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas,* 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## THE F&R & PLAINTIFF'S OBJECTIONS

Plaintiff, an inmate at Snake River Correctional Institution ("SRCI"), sued under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights to be free from unreasonable searches and cruel and unusual punishments. Am. Compl. at 4–6 (doc. 11). Plaintiff's complaint follows an incident in May 2017, when Plaintiff faced two strip searches in response to reports of possible contraband. *Id.*; *see also* Pl.'s Decl. at 1–5 (doc. 79). Plaintiff alleges that the searches were unreasonable because they were conducted in non-private areas. Am. Compl. at 5 (doc. 11).

Defendants moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing a federal claim—a requirement of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Defendants contend that they have no record of Plaintiff's grievances at issue here, despite having an extensive record of dozens of other grievances from Plaintiff. F&R at 4.

In response, Plaintiff relies on an exception to the PLRA's exhaustion rule. That exception allows exhaustion to be satisfied when the prisoner shows that he or she took "reasonable and appropriate steps," but prison officials nonetheless prevented or interfered with the prisoner's attempts to exhaust. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010). Plaintiff argues that he attempted to submit grievances about the searches, but his grievances were intercepted by corrections officers before they were recorded by the grievance coordinator. F&R at 5. In support of this argument, Plaintiff submits many inmate copies of grievance forms and inmate communication forms that he never received responses to. *Id.* Plaintiff

contends that this evidence satisfactorily supports his argument that he took "reasonable and appropriate steps" to exhaust his administrative remedies and should survive Defendants' motion for summary judgment. *Id.*

In his F&R, Judge Kasubhai relied heavily on Defendants' record of Plaintiff's grievances in concluding that the motion for summary judgment should be granted. Judge Kasubhai found "Plaintiff's response to be nothing more than an attempt to manufacture an issue of fact to avoid summary judgment," and that the Inmate Complaint History provided by Defendants showed that Plaintiff was aware of his duty to exhaust his administrative remedies and failed to do so. *Id.* Judge Kasubhai added that it "simply belies credulity" to infer that employees of the Oregon Department of Corrections ("ODOC") would process Plaintiff's many other grievances but exclude grievances about the searches at issue here. *Id.* Thus, Judge Kasubhai found that "no reasonable trier of fact would find that ODOC misplaced, failed to process, or failed to respond" to Plaintiff's grievances or communications related to this case. *Id.* at 6.

Plaintiff's primary objection to the F&R is that Judge Kasubhai erroneously considered the Inmate Complaint History record submitted by Defendants as undisputed—contrary to the summary judgment standard—and argues that the record lacks evidence of Plaintiff's grievances because ODOC staff purposefully interfered with Plaintiff's ability to exhaust his remedies. Pl.'s Obj. at 7, 12 (doc. 85). Plaintiff also believes that the Inmate Complaint History supports his argument because a reasonable trier of fact could find it more likely that Plaintiff attempted to

exhaust his administrative remedies but was prevented. *Id.* This is because it wouldn't make sense for someone who is familiar with the ODOC grievance system to jump the gun and file in federal court only to have their claim subsequently dismissed. *See id.* at 10, n.1. Plaintiff further alleges in his objections that ODOC staff have since retaliated against him and tried to inhibit Plaintiff from accessing paperwork and conducting legal research for this suit. *Id.* at 15–28.

## DISCUSSION

ODOC has adopted a three-step grievance and appeal process. Or. Admin. R. 29-109-014. Oregon inmates may file grievances against prison employees within thirty days of an incident. *Id.* 291-109-0140(2)(c). The grievance coordinator will receive the grievance and record it in the inmate grievance log. *Id.* 291-109-0160(1). If the outcome is unfavorable to the inmate, the process gives him an opportunity to appeal within fourteen days from the date of response. *Id.* 291-109- 0170(1)(b).

In response to Plaintiff's complaint, Defendants argue that ODOC has no evidence of Plaintiff's complaints of the searches, and Plaintiff's evidence cannot be verified because Plaintiff dated the documents and not ODOC. Def.'s Resp. at 1 (doc. 87). Defendants explain that this Court need not consider the new evidence of retaliation and interference that Plaintiff raises in his objections. But they also note that this Court has the discretion to consider the evidence.[1] *Id.* at 2; *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

---

[1] Because I have found that the F&R erred in applying the summary judgment standard, the Court declines to consider the new evidence raised by Plaintiff in his objections. However, the Court recognizes that this new information further illustrates other disputes of material fact in this case.

In considering the motion for summary judgment, the Court reviews the evidence in the light most favorable to Plaintiff to determine whether Plaintiff has shown that the administrative grievance process was made effectively unavailable to him. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014). In finding that Plaintiff has not met this burden, Judge Kasubhai weighed heavily Plaintiff's experience with the prison grievance system as evidence of Plaintiff's understanding of exhaustion requirements. *See* F&R at 5–6.

Respectfully, I disagree with Judge Kasubhai's application of this standard. At the summary judgment stage, the Court's only duty is to determine if the non-moving party has shown a dispute as to material fact, existing when a reasonable jury could resolve the fact in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This decision is to be made without credibility determinations or weighing of evidence, a duty reserved for the jury. *Id.* at 255. The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.*

When reviewing the evidence in the light most favorable to Plaintiff, a reasonable trier of fact could well find that ODOC employees thwarted Plaintiff's efforts to exhaust administrative remedies. Plaintiff has submitted extensive evidence to show administrative interference with his use of the grievance system. *See generally* Pl.'s Decl. (doc. 79). This evidence includes dated inmate copies of Plaintiff's alleged original grievance about the searches, follow-up inmate communication forms requesting a response to the grievances, and several grievance

appeal forms requesting a response. *Id.* at Ex. 1–12, 20, 32. While this evidence does not establish that ODOC *necessarily* thwarted Plaintiff's attempts to exhaust his administrative remedies, that is not Plaintiff's burden at the summary judgment stage, and Plaintiff's evidence is as good as it could reasonably be expected from a Plaintiff in his position.

Judge Kasubhai discounted this evidence and found it unreasonable to infer that ODOC would process every other grievance Plaintiff has submitted but exclude the ones at issue here. F&R at 6. However, the Court finds it just as reasonable, or possibly even more reasonable, for a trier of fact to infer that ODOC employees may be more likely to interfere with grievances of significant consequence, such as ones about an improper strip search, compared to Plaintiff's previous grievances of minor consequence, such as missing food portions. Moreover, it is undisputed that ODOC has previously failed to receive a grievance submitted by Plaintiff in 2016, which was only responded to after Plaintiff submitted another grievance form to follow up. Pl.'s Decl. at 34–35 (doc. 79). Given this evidence, a reasonable jury could find that ODOC had once again failed to receive Plaintiff's properly filed grievances as he asserts.

Although Defendants assert that "Plaintiff [] simply crafted grievance and inmate communication forms for the purposes of responding to this motion" (Def.'s Reply at 2 (doc. 81)), they have not offered a rationale that permits the Court to discount Plaintiff arguments on summary judgment. At most, Defendants argue that Plaintiff loses credibility because his grievance documents are self-dated, rather than dated by ODOC's grievance coordinator. *Id.* But credibility determinations must be

left for the trier of fact and are not appropriate on summary judgment. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (courts may not make factual findings, make credibility determinations, or weigh evidence on review of motion for summary judgment). And the lack of official date-stamps is immaterial when Plaintiff's argument is that the grievance coordinator never received nor recorded his grievances, making it impossible for them to officially date-stamp his forms, and creating a material dispute of fact. To consider the ODOC grievance record as evidence against Plaintiff when his exact argument is that he was not afforded reasonable access to his administrative remedies—meaning evidence of which could not be part of the ODOC record—effectively requires Plaintiff to engage in the fruitless task of proving the negative.

Judge Kasubhai also pointed to inconsistencies between Plaintiff's original complaint and his amended complaint, only the latter of which included information about attempts to exhaust administrative remedies. F&R at 6. Federal Rule of Civil Procedure 15 generally allows parties to amend their pleadings without prejudice. When a plaintiff does amend, the original complaint is superseded by the amended complaint and the former is treated as effectively non-existent. *Pack v. McClausland*, 300 Fed. Appx. 541, 543 (9th Cir. 2008). Nevertheless, the weighing of inconsistencies between amended and original complaints constitutes a credibility determination reserved for the trier of fact. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 999 (9th Cir. 2009). Thus, when the evidence is viewed in the light most favorable to Plaintiff,

I find that there are genuine issues of material fact that make granting Defendants'
motion inappropriate at this stage.

## CONCLUSION

The F&R (doc. 83) is NOT ADOPTED. Defendants' motion for summary
judgment (doc. 68) is DENIED.

IT IS SO ORDERED.

Dated this 2~~th~~ day of July, 2019.

Ann Aiken
United States District Judge